ISAAC ANDERSON and AMANDA RAY, defendants below, *vs*. STATE OF DELAWARE, plaintiff below.

INTOXICATING LIQUORS—SALE—JURISDICTION—MUNICIPAL COURTS—CRIM-INAL JURISDICTION.

Wilmington City Charter, § 15 (*Charter Laws and Ordinances of the City of Wilmington*, 1910, *p*. 40), provides that the municipal court shall have exclusive jurisdiction to determine all those criminal matters and offenses enumerated in the fifteenth section of the sixth article of the amended Consti-tution and to punish persons convicted of such offenses. *Const.* 1832, *art.* 6, § 15, referred to, permits the General Assembly to give to any inferior courts jurisdiction of certain offenses, including "keeping without license a public house of entertainment,   *   *   *   retailing or selling without license, wine, rum, brandy, gin, whisky or spirituous or mixed liquors, contrary to law." The information charged that accused, not having a proper license "to sell intoxicating liquor according to law,   *   *   *   did then and there sell intox-icating liquor" contrary to law. *Held*, that the information did not affirma-tively show an offense of which the municipal court of Wilmington city had jurisdiction, not showing that the intoxicating liquors accused were charged with having sold were of the kind enumerated in the Constitution.

(*February* 14, 1912.)

PENNEWILL, C. J., and WOOLLEY, J., sitting. ·

*Philip L. Garrett* for plaintiffs in *certiorari*.

*John Lynn*, Assistant City Solicitor, for the state.

Court of General Sessions, New Castle County, January Term, 1912.

CERTIÒRARI (No. 3, January Term, 1912) to the Municipal Court of the City of Wilmington.

Isaac Anderson and Amanda Ray were charged by informa-tion, filed in the Municipal Court of the City of Wilmington, with selling intoxicating liquors in said city without disclosing the kind of intoxicating liquor that was sold. Judgment against defendants. They bring exceptions to the jurisdiction of the Municipal Court. Reversed.

PENNEWILL, C. J., delivering the opinion of the court:

The information filed in the above stated case in the Muni-ciapl Court alleges:

"That the said Isaac Anderson and Amanda Ray then and there being the occupants of said house, and that the said Isaac

Anderson and Amanda Ray then and there not having a proper license to sell intoxicating liquor according to law, that the said Isaac Anderson and Amanda Ray did then and there sell intoxicating liquor to one Cornelia Starkey contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

It is contended by the defendants below that the offense charged in the information is not within the jurisdiction of the Municipal Court, and that therefore the judgment below should be reversed.

The Municipal Court is a court of limited and special jurisdiction, and of such jurisdiction only as is conferred by the Constitution, and the statute laws of the state enacted in conformity therewith.

*Section* 15 of the Charter of the City of Wilmington (*page* 40, *Charter Laws and Ordinances of the City of Wilmington*, 1910) provides:

"The said Municipal Court shall have sole and exclusive jurisdiction to inquire of, hear, try and finally determine all those criminal matters and offenses enumerated in the fifteenth section of the sixth article of the amended Constitution and committed within the said city and to punish all persons convicted of said offenses or any of them agreeably to the laws of the state."

This statute was passed when the Constitution of 1831 was in force, *Section* 15, *Article* 6, of which was as follows:

"The General Assembly may by law give to any inferior courts by them to be established, or to one or more justices of the peace, jurisdiction of the criminal matters follwing, that is to say:

"'Assaults and batteries, keeping without license a public house of entertainment, tavern, inn, ale house, ordinary or victualling house, retailing or selling without license wine, rum, brandy, gin, whisky, or spirituous or mixed liquors contrary to law,'" etc.

The language of the present Constitution is similar to the Constitution of 1831, respecting the jurisdiction of inferior courts, as to the matters pertinent to this case.

It appears therefore that the sale of "intoxicating liquors" is not specifically mentioned as within the jurisdiction of the Municipal Court, which is an inferior court, and created by the authority of the constitutional provision aforesaid. While all the beverages mentioned in the Constitution are intoxicating liquors, there are nevertheless intoxicating liquors that are not enumerated therein. The term is broader than the constitutional provision, and might cover an offense that is not within the jurisdiction of the Municipal Court.

In this case the record does not disclose the kind of intoxicating liquor that was sold, and therefore the jurisdiction of the court does not affirmatively appear.

For this reason we think the judgment below should be reversed.

But, while we so hold, it must not be understood that the sale of beer and other intoxicating liquors not enumerated in the Constitution is not unlawful, and the seller cannot be punished. This decision only means that such offenses are not within the jurisdiction of the Municipal Court. Not being within the jurisdiction of that court, they are within the jurisdiction of the Court of General Sessions.